IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Veniamin M. Mashtalyar, #539882,<br><br>Plaintiff,<br><br>vs.<br><br>Bill Rhyne, Major Chris Leso, Beverly Jones, and John Doe,<br><br>Defendants. | ) | C/A No.: 7:26-cv-3582-TMC-TER<br><br><br><br>REPORT AND RECOMMENDATION |

Veniamin M. Mashtalyar ("Plaintiff"), proceeding pro se and in forma pauperis, filed this amended complaint against Spartanburg County Sheriff Bill Rhyne ("Rhyne"), Major Chris Leso ("Leso"), public defender Beverly Jones ("Jones"), and John Doe ("Doe") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without prejudice and without leave for further amendment.

I. Factual and Procedural Background

Plaintiff is a pretrial detainee at Spartanburg County Detention Center. (ECF No. 9 at 2). He brings this amended complaint[1] against Defendants in their individual and official capacities pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated his rights under the Fifth, Sixth, and Fourteenth Amendments. *Id.* at 13.

[1] Plaintiff filed a complaint on August 20, 2026. (ECF No. 1). On September 1, 2026, the undersigned issued a proper form order advising Plaintiff of deficiencies in his complaint and with issuance and service of process. (ECF No. 5). Plaintiff was specifically advised that his complaint, as drafted, was subject to summary dismissal and that amendment was required. *Id.*

Plaintiff indicates the events giving rise to his claim occurred between July 2025 and the present. *Id.* at 5. He states that on four separate occasions while incarcerated at SCDC, he has been housed in the behavioral management unit ("BMU"). *Id.* at 6. He claims that during the first nine days of each stay in the BMU, he was given no mattress, no socks, no shoes, no hygiene products, and no blankets. *Id.* He states that after the expiration of the nine-day periods, he only received a mattress from 8:00 PM to 4:00 AM. *Id.* He indicates that while housed in the BMU, he has been served a restricted diet of a "half-portion" food tray. *Id.* He complains that his right to confidential legal communication with his attorney has been compromised, as he is forced to communicate with his attorney through use of a kiosk that can be accessed by jail employees and the company that owns the kiosk. *Id.* at 7. He challenges the allocation of funds to public defenders' offices from state funds as creating a conflict of interest and maintains that he should be appointed private counsel to represent him pro bono. *Id.* He says he asked Jones to remove herself as his public defender after he failed to receive a preliminary hearing within 10 days of requesting one, but that she declined and told them that if she were to resign, he would have to proceed pro se, which he refuses to do. *Id.*

Plaintiff requests the court grant a preliminary injunction stating that Defendants violated his rights, $75,000 in compensatory relief, $15,000 in punitive damages from each defendant, compensation for others who have suffered under the same circumstances, and other relief to which he may be entitled. *Id.* at 14.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

B. Analysis

Plaintiff's action is subject to summary dismissal for failure to state a claim upon which relief may be granted against any of the defendants. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim against a defendant for violation of his constitutional rights pursuant to § 1983, a plaintiff must show that that the defendant was personally involved in the alleged violation. *See Williamson v. Stirling*, 912 F.3d 154, 171–71 (4th Cir. 2018) (noting that a plaintiff must affirmatively show that the official acted personally in violating plaintiff's constitutional rights); *see also Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (noting that general, conclusory, and collective allegations against groups of defendants fail to allege a plausible claim under § 1983); *Blessing v. Scaturo*, No. 6:16-cv-1832-BHH-KFM, 2017 WL 3575734, at *9 (D.S.C. July 28, 2017) ("The law is clear that personal participation of a defendant is a necessary

element of a Section 1983 claim against government officials in their individual capacities."); *Scurmont LLC v. Firehouse Rest. Grp., Inc.*, No. 4:09-CV-00618-RBH, 2010 WL 11433199, at *16 (D.S.C. May 19, 2010) (dismissing claims against individual defendants because complaint did not differentiate between the defendants or contain any facts establishing how the defendants specifically participated in or directed any wrongful acts).

Although Plaintiff discusses perceived violations of his Constitutional rights, he does not allege that Rhyne, Leso, or Doe personally acted to violate his rights. Therefore, Plaintiff has failed to state a § 1983 claim as to Rhyne, Leso, and Doe and they are subject to summary dismissal.

Plaintiff includes more specific allegations as to Jones, but Jones is not a state actor amenable to suit under § 1983. An attorney, whether retained, court appointed, or a public defender does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42. U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 nn. 8-16 (1981) (public defender); *Georgia v. McCollum,* 505 U.S. 42, 53 (1992) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 nn. 2-3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (per curiam) (private attorney). Therefore, Jones is subject to summary dismissal.

The undersigned has further considered Plaintiff's claims under the Fifth, Sixth, and Fourteenth Amendments, and concludes that the factual allegations he included in his amended complaint do not support these claims.

It appears that Plaintiff is attempting to state a claim for due process violations related to his disciplinary segregation under the Fifth and Fourteenth Amendments. The Fourth Circuit has noted that the first step in evaluating such a claim is to determine whether the prisoner's "placement in disciplinary segregation implicates a protected liberty interest and thus warrants

procedural safeguards." *Dilworth v. Adams*, 841 F.3d 246, 251 (4th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 484–86, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[T]he Supreme Court held in *Bell v. Wolfish*, [that pretrial detainees] retain a liberty interest in freedom from "punishment," even while they are detained to ensure their presence at trial." *Id.* (citing *Bell*, 441 U.S. at 535–37, 99 S.Ct. 1861. "Though '[l]oss of freedom of choice and privacy are inherent incidents' of pretrial detention, discrete 'punitive measures' imposed during pretrial detention intrude on a protected liberty interest." *Id.* (citing *Bell*, 441 U.S. at 537, 99 S.Ct. 1861; *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005) ("Pretrial detainees, unlike convicts, have a liberty interest in avoiding punishment[.]"); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (finding pretrial detainees are protected with respect to "any form of 'punishment'") (emphasis in original)). Under *Wolff*, the core component of due process in the prison discipline context is the right to a hearing." *Id.* at 254. Plaintiff has not stated a due process claim as to his placement in the BMU because he does not allege he was denied disciplinary hearings prior to the placements.

Instead, Plaintiff appears to argue that the conditions imposed on him in the BMU violated his constitutional rights. He specifically discusses having no mattress, socks, shoes, hygiene products, and blankets for nine days during each stay in the BMU, receiving smaller meals, and having only receiving a mattress for an eight-hour period after his first nine days of incarceration in the BMU. To show that these conditions violated his constitutional rights, Plaintiff would need to show that these conditions violated his constitutional rights.

Courts have generally found that there is no constitutional right to sleep on an elevated bed. *Harris v. FNU Connolly*, No. 5:14-CV-128-FDW, 2016 WL 676468, at *4 (W.D.N.C. Feb. 18, 2016), aff'd, 667 F. App'x 408 (4th Cir. 2016) (citing *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir.

1986); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)). In *Harris*, the court explained:

> Courts have held that, absent additional egregious factors, sleeping on the floor without a mattress for a short time period is not per se unconstitutional. *Payton v. Gusman*, No. 12-2578, 2013 WL 5530280, at *8 (E.D. La. Oct. 7, 2013) (sleeping on the concrete floor for three days without a mattress does not give rise [to] a constitutional violation).
>
> The Fourth Circuit has not stated definitively how long a pretrial detainee or prisoner can be deprived of a mattress before the deprivation reaches the level of a constitutional violation. Other circuits have provided guidance as to the length of time that is egregious enough to give rise to a constitutional violation. For instance, the Sixth Circuit has held, in a prisoner case, that sleeping without a mattress and other bedding for seven days in the absence of any serious harm does not give rise to a constitutional violation. *See Grissom v. Davis*, No. 02-1916, 2003 WL 343248, at *2 (6th Cir. Feb. 12, 2003). The Seventh Circuit has held that sleeping on the floor for five days does not give rise to a constitutional violation. *See Stephens v. Cottey*, No. 05-1804, 2005 WL 1971700, at *1 (7th Cir. Aug. 17, 2005) (pretrial detainee). The Eleventh Circuit has noted that "[o]bjectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency." *Alfred v. Bryant*, No. 09-12342, 2010 WL 1881064, at *3 (11th Cir. May 12, 2010) (prisoner). The Eighth Circuit has held that an inmate's constitutional rights were not violated when forced to sleep near the exterior door on a concrete floor without a blanket during the winter for four days. *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (prisoner). Finally, the Ninth Circuit has held that sleeping on the floor without a mattress for four weeks does not give rise to a constitutional violation. *Schroeder v. Kaplan*, No. 93-17123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (prisoner).

*Id.* Given the foregoing, Plaintiff's allegation that he slept in the BMU without a mattress for nine days falls within the period other courts have found did not serve as a constitutional violation.

This court recently considered allegations similar to those brought by Plaintiff and found they did not state a constitutional claim, noting:

> Here, the plaintiff's vague and conclusory allegations fail to state a plausible claim for relief. *Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))); *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294,

> 298 (1991)) (noting that the Constitution does not mandate comfortable prisons, and only deprivations which deny the minimal civilized measure of life's necessities are sufficiently grave to provide the basis of a § 1983 claim); *Thompson v. Brown*, C/A No. 3:11-cv-318-TMC-JRM, 2011 WL 6012592, at *1–2 (D.S.C. Nov. 8, 2011) (rejecting conditions of confinement claim where the plaintiff claimed "his mattress and blanket were confiscated for six days, he was not allowed to have any toilet tissue for six days, his clothes were taken away from him for six days, his cell was cold, he had no running water in his cell, and he was forced to sleep on a steel cot for six days"), *Report and Recommendation adopted by* 2011 WL 6012550 (D.S.C. Dec. 2, 2011).

*Holtzclaw v. P.R.E.A. Investigator of Greenville Cnty.*, No. 6:25-CV-10495-DCC-KFM, 2026 WL 2128114, at *3 (D.S.C. Mar. 9, 2026), report and recommendation adopted sub nom. *Holtzclaw v. Prea Investigator of Greenville Cnty.*, No. 6:25-CV-10495-DCC, 2026 WL 2126011 (D.S.C. July 23, 2026).

Plaintiff's allegations regarding the meals he was served in the BMU also fail to support a constitutional violation. This court has previously explained:

> Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985), cert. denied, *Owens v. French*, 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *Divers v. Department of Corrs.*, 921 F.2d 191, 196 (8th Cir.1990); *see also Madyun v. Thompson*, 657 F.2d 868, 874–75 (7th Cir.1981) (allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); *Hoitt v. Vitek*, 497 F.2d 598, 601 (1st Cir.1974) (prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); *Prophete v. Gilless*, 869 F.Supp. 537 (W.D.Tenn.1994) (food which was cold by the time it was served did not constitute cruel and unusual punishment).

*Jones v. Prison Health Servs., Inc.*, No. CIV.A. 3073958PMDJRM, 2008 WL 4908024, at *6 (D.S.C. Oct. 23, 2008), report and recommendation adopted, No. CIV.A. 3:07-3958PMD, 2008

WL 4900554 (D.S.C. Nov. 13, 2008). In light of the foregoing, Plaintiff has not alleged a constitutional violation based on the conditions imposed in the BMU.

Plaintiff argues that his Sixth Amendment right to counsel has been violated because: (1) use of a kiosk to contact his public defender violates the confidentiality of their communications; and (2) payment of his public defender through state funds creates a conflict of interest. Neither of these allegations states a claim under the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. CONST. amend vi. As Plaintiff recognizes, the State has provided him counsel for his defense in accordance with the Sixth Amendment.

To the extent Plaintiff is concerned with the confidentiality of communications through the kiosk, both he and his attorney may preserve the confidentiality of their communications by declining to communicate any matters through the kiosk that they desire to remain confidential or subject to attorney-client privilege. As for Plaintiff's concern regarding his public defender's compensation through the state, his allegation of a conflict of interest is merely speculative, and his proposed solution that the state court require private counsel to represent him pro bono would result in a violation of that private counsel's constitutional rights. The South Carolina Supreme Court has explained:

> Attorneys make their living through their services. Their services are the means of their livelihood. We do not expect architects to design public buildings, engineers to design highways, dikes, and bridges, or physicians to treat the indigent without compensation. When attorneys' services are conscripted for the public good, such a taking is akin to the taking of food or clothing from a merchant or the taking of services from any other professional for the public good. And certainly when attorneys are required to donate funds out-of-pocket to subsidize a defense for an indigent litigant, the attorneys are deprived of property in the form of money. We conclude that attorneys' services are property, and are thus subject to Fifth Amendment protection.

*Ex Parte Brown*, 711 S.E.2d 214, 222 (S.C. 2011) (quoting *State v. Smith*, 242 Kan. 336, 747 P.2d 816, 842 (Kan. 1987)). It held that "a court's inherent power to appoint a lawyer to serve is subject to the lawyer's entitlement to just compensation," as "a court-appointed attorney's service is property for purposes of the Takings Clause." *Id.* at 223, 224. Because Plaintiff has indicated he is indigent and cannot afford counsel and the state court cannot compel private counsel to represent Plaintiff without compensation, the only viable solution is for the state to fund indigent defense.

For the reasons discussed above, all defendants named in the action are subject to dismissal, as Plaintiff has failed to state claims against them. In addition, Plaintiff is unlikely to cure defects in his complaint through further amendment, as he has failed to allege a violation of the Constitution or federal law, as necessary to state a claim under § 1983.

III. Conclusion and Recommendation

It is recommended that the District Court dismiss Plaintiff's action without prejudice under § 1915(e) and § 1915A and *w*ithout issuance and service of process. It is further recommended that Plaintiff be denied the opportunity to further amend his complaint, as the defects addressed above cannot be cured through amendment.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 21, 2026
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).